PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEVI DEWITT, | ) | |
| | ) | CASE NO. 4:18CV1381 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GLEN JOHNSON, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |
| | | [Resolving ECF Nos. 1, 3] |

*Pro se* Plaintiff Samuel Levi Dewitt, a federal prisoner at FCI Elkton in Lisbon, Ohio, filed this action against Head Chaplain Glen Johnson, Chaplain Randy Culp, Warden Steven Merlak, Regional Director M.D. Carvajal, Administrator of National Inmate Appeals Ian Conners, and Regional Counsel Darrin Howard.[1] ECF No. 1. Plaintiff brings claims against Defendants pursuant to his rights under the United States Constitution, the Religious Freedom Restoration Act ("RFRA"), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Civil Rights Act, and the Federal Tort Claims Act ("FTCA"). *Id.* at PageID #: 7-8. He seeks declaratory, injunctive, and monetary relief. *Id.* at PageID #: 9. Plaintiff also filed a Motion for Appointment of Counsel. ECF No. 3.

For the reasons that follow, this case is dismissed. Plaintiff's motion for appointment of counsel is denied.

---

[1] Defendants are sued in their individual and official capacities. *See* ECF No. 1 at PageID #: 4.

(4:18CV1381)

## I. Background

Plaintiff alleges he is a "Disciple of Akrah." *Id.* at PageID #: 2. In May 2017, he filed the paperwork required by FCI Elkton to be acknowledged as a Disciple of Akrah and allowed to practice the tenets of his religious beliefs. *Id.* at PageID #: 4. Father Bernie Mlapah,[2] resident chaplain at FCI Elkton, approved Plaintiff's paperwork. *Id.* On May 7, 2017, Plaintiff submitted to defendant Culp[3] a New and Unfamiliar Religions Questionnaire, along with ten pages of documentation describing the religious aspects of the Disciples of Akrah. *Id.* Culp gave the form and documents to Defendant Johnson,[4] who was to present the form and documents to the "RIC (Regional Chaplains) for approval/disapproval." *Id.* at PageID #: 4.

On August 7, 2017, Johnson informed Plaintiff that, while the Disciples of Akrah could not be added to the Religious Services worship schedule, Plaintiff could practice the tenets of his faith as a sole practitioner. *Id.* Plaintiff is currently the only member of the Disciples of Akrah at FCI Elkton. *Id.* This response was satisfactory to Plaintiff.[5] *Id.*

---

[2] Father Mlapah is not named in this action.

[3] Plaintiff describes defendant Culp as a chaplain at FCI Elkton, responsible for the coordination and accommodation of all religious faith groups and sole practitioners within FCI Elkton, including new and unfamiliar religious beliefs. ECF No. 1 at PageID #: 2.

[4] Plaintiff describes Defendant Johnson as the head chaplain at FCI Elkton, responsible for the operation of the Religious Service Department and the management of subordinate chaplains. ECF No. 1 at PageID #: 2.

[5] "[O]btaining a room and worship time within the chapel is not important, but to be allowed to practice the tenets of my faith within the institution, as all other religions

(continued...)

(4:18CV1381)

Plaintiff states Johnson was in the process of retiring, so he presented his religious items request, which included a braided headband and sacred scroll bag, to Culp. *Id.* at PageID #: 4-5. Culp accommodated Plaintiff by purchasing sacred oil for Plaintiff, providing him with locker space, and ordering religious books. *Id.* at PageID #: 5. Culp additionally informed Plaintiff that, under existing policy, Plaintiff would not be permitted to possess the requested braided headband and scroll bag. *Id.* Plaintiff alleges Defendants denied his request on the grounds of safety and security of the institution, along with issues of staff supervision. *Id.* at PageID #: 6.

Plaintiff initiated pursuit of his administrative remedies on September 10, 2017. *Id.* at PageID #: 5. During this process, Plaintiff stayed in touch with Culp in an attempt to "ease [his] emotional turmoil." *Id.* On May 11, 2018, Plaintiff filed a FTCA claim. *Id.* On May 22, 2018, Plaintiff's claim was denied because Plaintiff claimed mental and emotional injury but not physical injury. *Id.*

Plaintiff alleges he has been discriminated against for over a year as a member of a minority religion by not being allowed the sacred vestments to practice his religion. *Id.* at PageID #: 5-6. Plaintiff also maintains "Defendants have disparaged the Disciples of Akrah, giving its beliefs little worth and calling it a claimed and alleged religion" and suppressed his sincere religious beliefs without adequate reason by denying the free exercise of his faith. *Id.* at PageID #: 6. Plaintiff states he utilized the administrative remedy procedure available at FCI

---

[5](...continued)
are allowed, and to wear sacred vestments which are vital to my religion was the most important aspect of filing these documents." ECF No. 1 at PageID #: 4.

(4:18CV1381)

Elkton to grieve the denial of his request for a braided headband and scroll bag multiple times and was denied each time. *Id.* Plaintiff also claims he exhausted his administrative remedies through FCI Elkton's internal grievance and appellate procedures. *Id.* at PageID #: 6-7.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must

4

(4:18CV1381)

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III. Law and Analysis

Plaintiff claims Defendants violated his constitutional rights under the Free Exercise Clause of the First Amendment, the Equal Protection Clause under the Fifth and Fourteenth Amendments, and the Eighth Amendment. He also alleges entitlement to relief under RFRA, RLUIPA, and the Civil Rights Act.

#### A. Plaintiff Fails to State a Plausible *Bivens* Claim

Plaintiff brings his constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court created a limited private right of action for money damages against federal government officials for injuries suffered as a result of a government official's violation of an individual's constitutional rights under color of federal law. *Bivens*, 403 U.S. at 397.

5

(4:18CV1381)

Plaintiff's generalized claims of wrongdoing against "Defendants" are insufficient to state a plausible claim for relief. His legal claims concerning alleged constitutional violates are asserted entirely against "Defendants," and make no factual allegations as to the specific conduct of each defendant in violation of his asserted constitutional rights. Such vague and conclusory allegations do not provide adequate notice to any individual defendant of the claim asserted against them. *Iqbal*, 556 U.S. at 678.

Moreover, vicarious liability is not available under *Bivens*. In order to state a claim under *Bivens*, a plaintiff must allege that the individual defendant was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)); *Kesterson v. Fed. Bureau of Prisons*, 60 F. App'x 591, 592 (6th Cir. 2003); *see also Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (to be subject to *Bivens* liability, a defendant must have had "direct, personal participation" in the constitutional violation).

The only factual allegations of specific conduct by any of the individual Defendants concern Johnson and Culp. But these allegations only describe the process by which Plaintiff sought approval to practice his religion and the transmission of the request and subsequent denial of Plaintiff's request. ECF No. 1 at PageID #: 4-5. The only other factual allegations in the Complaint specific to each Defendant consist of a brief summary of their purported job responsibilities. *See id.* at PageID #: 2-3. A description of each Defendant's job responsibilities is insufficient to allow the Court to draw the reasonable inference that each individual Defendant

6

(4:18CV1381)

is liable, based upon his own actions, for the alleged denial of Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678; *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (liability must be based upon "active unconstitutional behavior," and cannot be based upon failure to act or simply because a supervisor denied a grievance); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Accordingly, Plaintiff fails to state a plausible *Bivens* claim upon which relief can be granted.

### B. Plaintiff Fails to State a Plausible RFRA Claim

RFRA imposes strict scrutiny when the federal government "substantially burden[s] a person's exercise of free religion, even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1(a); *Cutter v. Wilkinson*, 423 F.3d 579, 582 (6th Cir. 2005). RFRA's provisions only come into play if the plaintiff makes an "initial showing" that the challenged policy "imposes a substantial burden on his religious exercise." *See Hoevenaar v. Lazaroff*, 422 F.3d 366, 368 (6th Cir. 2005). Where a substantial burden is found, the challenged policy survives only if the government shows that it furthers a "compelling governmental interest" and is the "least restrictive means" of doing so. 42 U.S.C. § 2000bb-1(b). Finally, like with *Bivens*, allegations concerning individual conduct purportedly violating the statute are required to plead liability under RFRA. Allegations imputing vicarious liability are insufficient to state a RFRA claim. *See Patel v. Bureau of Prisons*, 125 F. Supp. 3d 44, 55 (D.D.C. 2015).

The pleading deficiencies described above with respect to Plaintiff's *Bivens* claim also apply to Plaintiff's RFRA claim. Factual allegations in a complaint must be pleaded to particular

7

(4:18CV1381)

defendants. *See Twombly*, 550 U.S. at 544 (in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim against her). Plaintiff fails to plead specific factual allegations supporting a RFRA claim against any of the individual Defendants. Accordingly, Plaintiff fails to state a plausible RFRA claim upon which relief may be granted, even under the liberal construction afforded *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal by district court when the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his civil rights).

### C. Plaintiff Fails to State a Plausible RLUIPA Claim

The Religious Land Use and Institutionalized Persons Act provides, in relevant part:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person
       (1) is in furtherance of a compelling governmental interest; and
       (2) is the least restrictive means of furthering that compelling governmental
       interest.

42 U.S.C. § 2000cc 1(a).

The term "government" is defined as "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality or official of an entity listed in clause (i); and (iii) any other person acting under color of State law." 42 U.S.C. § 2000cc 5(4). By its terms, RLUIPA does not apply to the

8

(4:18CV1381)

federal government. *See Hernandez v. United States*, No. 11-1737, 2011 WL 5971028, at *6 (N.D. Ohio Nov. 28, 2011) (collecting cases).

Plaintiff is a federal inmate in a federal prison. Plaintiff does not allege that the state, or a county or municipality, has burdened his religious rights. Accordingly, Plaintiff fails to state a plausible RLUIPA claim upon which relief can be granted.

### D. Plaintiff Fails to State a Plausible Civil Rights Claim

Plaintiff alleges that he has been discriminated against on the basis of his religion in violation of the Civil Rights Act. ECF No. 1 at PageID #: 5, 8. It is unclear from the Complaint which portion of the Civil Rights Act Defendants allegedly violated. Nonetheless, as with his other claims, Plaintiff's factual allegations are insufficient to state a claim upon which relief can be granted against any Defendant.

### E. Plaintiff Fails to State a Plausible FTCA Claim

Under the FTCA, the United States waives its sovereign immunity and allows private individuals to sue the United States for money damages for torts its employees committed while acting within the scope of their employment. *See Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004); *see also* 28 U.S.C. 1346(b)(1). The United States is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(b)(1).

The United States is not named as a defendant in this action, but Plaintiff has sued Defendants in their official capacity. Official capacity suits are, "in all respects other than name, to be treated as a suit against the entity." *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). But even assuming that

9

(4:18CV1381)

the United States were substituted as the proper defendant in this action pursuant to 28 U.S.C. § 2679(d)(1), Plaintiff nevertheless fails to state a plausible claim for relief under the FTCA because he does not allege a physical injury.

"No person convicted of a felony who is incarcerated . . . may bring a civil action against the United States or an agency, officer, or employee of the Government, for emotional injury suffered while in custody without prior showing of physical injury[.]" 28 U.S.C. § 1346(b)(2). Plaintiff alleges his FTCA claim was denied because he did not allege a physical injury. ECF No. 1 at PageID #: 6. Plaintiff describes his injuries as "pain, suffering, mental distress, emotional anxiety, and other related injuries." *Id.* at PageID #: 8. Even liberally construing the Complaint, there are no factual allegations from which this Court could reasonably infer the existence of a physical injury as required by 28 U.S.C. § 1346(b). *See White v. Firth*, No. 14-308, 2014 WL 7074602, at *3 (E.D. Ky. Dec. 15, 2014) ("A physical injury need not to be significant, but it must be more than *de minimis* in order to proceed under the FTCA.") (citing *Ellerbe v. United States*, No. 09 2226, 2011 WL 4361617, at *5 (N.D. Ohio Sept. 19, 2011)).

Accordingly, Plaintiff fails to state a plausible FTCA claim upon which relief may be granted and is dismissed pursuant to § 1915(e)(2)(B) and § 1915A.

### IV. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. ECF No. 1. Plaintiff's motion for appointment of counsel is denied. ECF No. 3.

(4:18CV1381)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   February 22, 2019   |   */s/ Benita Y. Pearson*       |
| Date | Benita Y. Pearson |
| | United States District Judge |